Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

*Attorney for Deorman Levi Stout
and Municipality of Anchorage*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CORNELIS AARON PETTUS, JR., DEORMAN LEVI STOUT, and MUNICIPALITY OF ANCHORAGE, | ) ) ) ) |
| Defendants. | ) ) Case No. 3:21-cv-00136 JMK |

## ANSWER OF DEFENDANTS MUNICIPALITY OF ANCHORAGE AND DEORMAN LEVI STOUT

Defendants Municipality of Anchorage ("MOA") and Deorman Levi Stout ("Stout"), by and through the Municipality Attorney's Office, hereby answer plaintiff Sam Allen's Complaint paragraph by paragraph as follows:[1]

---

[1] All answers are made with respect to actions undertaken by Stout and/or the Municipality; The Municipality and Stout make no admissions or denials with respect to Pettus.

## THE PARTIES

1. MOA and Stout lack information and belief as to the truth or falsity of the allegation contained in paragraph 1.

2. The allegation contained in paragraph 2 is not directed at either MOA or Stout and therefore does not require an answer.

3. In response to the allegation contained in paragraph 3, Stout admits he was a resident of the State of Alaska in the Third Judicial District at all relevant times.

4. In response to the allegation contained in paragraph 4, the MOA admits its boundaries are within the Third Judicial District for the State of Alaska. However, the U.S. District Court has jurisdiction over the matter and the District of Alaska is the appropriate venue for this action.

## JURISDICTION & VENUE

5. In response to the allegation contained in paragraph 5, the MOA and Stout admit only that the U.S. District court has jurisdiction over the matter.

6. In response to the allegation contained in paragraph 6, the MOA and Stout admit only that the District of Alaska is the appropriate venue for this action.

## GENERAL ALLEGATIONS

7. On information and belief, Stout admits that on Oct. 31, 2019 he was on duty working as a police officer.

8. In response to the allegations contained in paragraph 8, Stout admits only that on September 30, 2019 he accompanied Pettus to 1402 Nelchina Street, where he observed Pettus issue citations to Mr. Allen.

9. The allegations are not directed at either the MOA or Stout and therefore do not require an answer. To the extent an answer is required, Stout admits only that he observed Mr. Allen curse at and approach Pettus and later heard Mr. Allen yell something about Pettus taking his phone.

10. The MOA and Stout are unable to admit or deny since the term "neutral stance" is not defined and it is unknown to which period of time this allegation refers. Regardless, the Watchguard video captured events on September 30, 2019 and best reflects Mr. Allen's body positions at various times.

11. The allegation contained in paragraph 11 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required, Stout admits that he observed Pettus strike Mr. Allen in the face.

12. The allegation contained in paragraph 12 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required, Stout denies that at the scene he observed Pettus kick at Mr. Allen. Regardless, the Watchguard video is the best evidence of what occurred, including any kicking action by Pettus that it may have captured.

13. The allegation contained in paragraph 13 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required the MOA and Stout admit that the words captured in the audios recorded at the scene reflect statements made by Pettus and Mr. Allen and are the best evidence of the statements they made.

14. The allegation contained in paragraph 14 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required, the MOA and Stout are unable to admit or deny this allegation because it is unknown what actions or statements are being referred to in the use of the term "accused".

15. The allegation contained in paragraph 15 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required, Stout admits only that he was aware Pettus deployed OC spray.

16. The allegation contained in paragraph 16 is not directed at either the MOA or Stout and therefore do not require an answer. To the extent an answer is required, Stout denies that he observed Pettus take plaintiff to the ground.

17. The allegation contained in paragraph 17 is not directed at either the MOA or Stout and therefore does not require an answer. To the extent an answer is required, Stout admits he observed Pettus place Mr. Allen in handcuffs.

18. The allegation contained in paragraph 18 is not directed at either the MOA or Stout and therefore do not require an answer. Further, to the extent this this allegation seeks a legal conclusion, no answer is required.

19. Stout admits that he was present and observed at least some of the events that occurred on September 30, 2019 involving Mr. Allen and Pettus. However, he denies that he was able to see and/or hear each and every action, interaction or statements that occurred.

Answer of MOA & Stout
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 4 of 10
Case 3:21-cv-00136-JMK   Document 5   Filed 06/24/21   Page 4 of 10

20. In response to the allegations contained in paragraph 20, Stout denies that he had an opportunity to prevent or stop Pettus's use of force against Mr. Allen. Further, Stout denies that he took no action with respect to the events.

21. In response to the allegation contained in paragraph 21, Stout admits that he assisted Pettus in placing Mr. Allen in handcuffs. Stout denies any other allegation that may be contained in this paragraph and to the extent the allegation states a legal conclusion, no answer is required.

22. The allegation contained in paragraph 22 is not directed at Stout or the MOA and therefore no response is required. To the extent a response is required, the contents of Pettus's report speaks for itself.

23. To the extent this states a legal conclusion, no answer is required. In response to the allegation contained in paragraph 23, Stout admits only that his report classifies the incident as "resist[ing] arrest" but denies he arrested Mr. Allen.

24. Stout and the MOA lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 since the officers to whom statement may have been made are not identified in the allegations.

25. Stout and MOA deny the allegation contained in paragraph 25.

26. Stout is unable to admit or deny the allegation contained in paragraph 26 because it does not indicate to which report this allegation refers. Notwithstanding, Stout denies that the report he filed was false or that he knowledge of any false reports.

27. Stout denies the allegation contained in paragraph 27.

28. Stout denies the allegations contained in paragraph 28.

29. In response to the allegation contained in paragraph 29, the MOA admits that it has certain duties with respect to the hiring and supervision of its employees. The MOA denies any other allegations that may be contained in paragraph 29.

30. The MOA denies the allegations contained in paragraph 30.

31. The MOA denies the allegation contained in paragraph 31.

32. Stout denies the allegations contained in paragraph 32.

33. The MOA and Stout deny the allegation contained in paragraph 33.

## CAUSES OF ACTION

### a. CLAIMS AGAINST OFFICERS PETTUS AND STOUT

34. The MOA and Stout hereby incorporate and restate the responses to paragraphs 1-33.

35. In response to the allegation contained in the second numbered paragraph 33[*sic*], the MOA admits that Pettus and Stout were employed by the Municipality as Anchorage Police Department officers on September 30, 2019.

36. In response to paragraph 34, the MOA admits that Pettus and Stout were employed as police officers and were on duty on September 30, 2019. To extent the allegations call for legal conclusion, no answer is required. MOA and Stout deny all other allegations that may be contained in paragraph 34.

37. Stout denies the allegations contained in paragraph 35.

38. Stout denies the allegations contained in paragraph 36.

39. Stout denies the allegations contained in paragraph 37.

40. Stout denies the allegations contained in paragraph 38.

Answer of MOA & Stout
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 6 of 10
Case 3:21-cv-00136-JMK   Document 5   Filed 06/24/21   Page 6 of 10

41. Stout denies the allegations contained in paragraph 39.

42. Stout denies the allegations contained in paragraph 40.

43. Stout denies the allegations contained in paragraph 41.

44. Stout denies the allegations contained in paragraph 42.

45. The allegation in paragraph 43 is not directed at Stout or the MOA. Accordingly, no response is required.

46. Stout denies the allegations contained in paragraph 44.

47. Stout denies the allegations contained in paragraph 45.

48. The allegations contained in paragraph 46 are not directed at Stout or the MOA. Accordingly, no response is required.

49. The allegation contained in paragraph 47 is not directed at Stout or the MOA. Accordingly, no response is required.

50. Stout denies the allegations contained in paragraph 48.

51. Stout denies the allegations contained in paragraph 49.

### b. MUNICIPALITY OF ANCHORAGE

52. In response to the allegation in paragraph 50, the MOA and Stout hereby incorporate and restate the responses to paragraphs 1-33.

53. In response to the allegations contained in paragraph 51, the MOA admits only that it has certain duties with respect to the hiring and training of its officers. Any other allegations contained in this paragraph are denied.

54. The MOA denies the allegation contained in paragraph 52.

55. The MOA denies the allegation contained in paragraph 53.

56. The MOA denies the allegation contained in paragraph 54.

## AFFIRMATIVE DEFENSES

1. One or more of plaintiff's claims fail to state a claim on which relief can be granted.

2. The conduct of the MOA and Stout of which plaintiff complains was justified under the circumstances.

3. The MOA and Stout acted in a manner that was proper, reasonable, lawful and in good faith.

4. The MOA and Stout had no duty to protect plaintiff from conditions of which they had no actual or constructive knowledge.

5. Under AS 9.17.080, plaintiff's injuries if any were caused, in whole or part by the acts or omissions of persons or entities, including plaintiff himself, over which MOA and Stout have no responsibility or control.

6. Pursuant to 9.65.070(d)(1), the MOA is immune from liability for the acts of which plaintiff complains.

7. The MOA and/or Stout are immune under the doctrines of absolute and/or qualified immunity.

8. The MOA cannot be liable under a theory of respondeat superior under 42 U.S.C. § 1983.

9. Plaintiff cannot obtain punitive damages as against the MOA.

10. Plaintiff cannot establish any actions taken by him meet the standard required in AS 9.17.020(b) for punitive damages.

11. The MOA's training and supervision is adequate in relation to the tasks officers must perform.

12. Plaintiff's injuries, if any, were the result of preexisting medical and/or emotional conditions or otherwise not caused by the MOA or Stout in this action.

13. The MOA and Stout reserve the right to assert such other and additional affirmative defenses as may be discovered during the investigation

## RELIEF REQUESTED

WHEREFORE the MOA and Stout respectfully request relief as follows:

1. For judgment in favor of the MOA and Stout and against plaintiff dismissing this action with prejudice;

2. For judgment awarding the MOA and Stout their costs and attorney's fees incurred in this action; and

3. For such other relief as this Court deems just and equitable.

Respectfully submitted this 24th day of June, 2021.

        KATHRYN R. VOGEL
        Municipal Attorney

        By: s/Pamela D. Weiss
          Municipal Attorney's Office
          P.O. Box 196650
          Anchorage, Alaska 99519-6650
          Phone: (907) 343-4545
          Fax: (907) 343-4550
          E-mail: uslit@muni.org
          Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on June 24, 2021, a true and correct copy of the foregoing was served by electronic means through the ECF system.

s/Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office