Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

*Attorney for Deorman Levi Stout*
*and Municipality of Anchorage*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CORNELIS AARON PETTUS, JR., ) | |
| DEORMAN LEVI STOUT, and ) | |
| MUNICIPALITY OF ANCHORAGE, ) | |
| ) | |
| Defendants. ) | Case No. 3:21-cv-00136 JMK |
| ) | |

### PARTIAL OPPOSITION TO MOTION FOR PROTECTIVE ORDER & DISCLOSURE

Defendant Municipality of Anchorage ("MOA") hereby opposes plaintiff Sam Allen's Motion for Disclosure. As discussed below, plaintiff is seeking to compel without meeting both procedural requirements or establishing entitlement to those materials at this time. MOA does not object to entry of a protective order in this case. However, MOA does oppose the form proposed and submits proposed alternative language for consideration by the court.

## I. MOA Does Not Object to Entry of a Protective Order

MOA does not oppose the entry of a protective order for any documents that may be subsequently disclosed in this matter. Indeed, it was the MOA that noted in the first instance the potential need for a protective order in its Initial Disclosures. *See* MOA Initial Disclosures, attached hereto as Exhibit A. at p. 4 n. 2-4. Had counsel conferred with MOA on this, he would have received no opposition and the parties could have worked towards a stipulated protective order and eliminated the need for the present motion.

Notwithstanding the MOA's agreement that a protective order may be required, MOA does not agree with the proposed language contained in plaintiff's proposed Protective Order (Dkt. 16-1). Specifically, MOA objects to plaintiff's proposed language insofar as it purports to render a conclusion as to whether certain information can be disclosed notwithstanding the existence of a criminal action or other bases for confidentiality/privilege that have not been briefed.

Rather, MOA agrees only to the entry of a blanket protective order, which would provide the terms that control any materials disclosed that contain confidential information. A proposed protective order is submitted herewith.

As indicated in that proposal, where there is a dispute as to the production of certain materials, the process should remain the same as in any other case. The parties should first attempt to resolve the differences. Where they cannot, the issue should be submitted to the court for resolution.

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 2 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 2 of 7

## II. Plaintiff's Motion for Discovery is a Premature Motion to Compel that should be Denied.

The primary purpose of plaintiff's motion, however, appears to be an attempt to compel disclosure of materials that the MOA has already advised are not presently available due to the ongoing criminal proceedings in state and federal court. Although plaintiff calls this a "motion for disclosure" and cites to FRCP 26(a), that Rule does not provide a basis for the request in this motion. Rather the method by which one party seeks to compel disclosure of documents is through Rule 37.

### A. Plaintiff Did Not Make Any Attempt to Meet and Confer.

Rule 37 requires certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1). MOA does not believe that plaintiff has adequately met its obligation to meet and confer. When the parties conducted the scheduling and planning conference, MOA advised plaintiff's counsel that it could not provide documents relevant to the criminal investigation because of the pending criminal actions in state and federal court. And plaintiff's counsel correctly represented this fact when it submitted the report. (Dkt. 11 at p. 3) As a result of the report, the court specifically noted in the Scheduling and Planning Order that "[MOA] cannot disclose documents relating to an open criminal case." (Dkt. 12 at p.3).

In the Initial Disclosures, MOA identified documents that it believes are relevant to the claims and defenses, but indicated consistent with position in the Parties Planning Meeting (Dkt. 11) and the court's Scheduling and Planning Order (Dkt. 12) that those

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 3 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 3 of 7

cannot yet be made available because of pending criminal cases in state and federal court. *See* Exhibit A. MOA has no information that the status of those cases has changed since the provision of the Initial Disclosures. Although plaintiff expressed dislike of the MOA the MOA's position with respect to criminal investigation documents prior to the submission of the Scheduling and Planning Conference Report, he did not state his objection in the report (Dkt. 11) and made no attempt to discuss the matter following the Court's Order (Dkt. 12) and the MOA's provision of Initial Disclosures.

Plaintiff's failure to meet and confer is sufficient basis for the Court to deny the "Motion for Disclosure." *See Rogers v. Giurbino,* 288 F.R.D 469, 477 (S.D. Cal. 2012).

### B. Plaintiff Fails to Justify Production of Materials in a Civil Case Based Solely on Ofc. Pettus' Receipt of Materials Relevant to his Prosecution in a criminal Matter.

Even if the court addresses the merits, the motion should be denied. MOA does not dispute that it has police reports, statements and other materials relevant to the criminal investigation that relate to the matter giving rise to the civil case. *See* Memo (Dkt. 17 at p. 2); *see also* Exhibit A. But as stated in the Initial Disclosures, and as previously indicated to counsel, these materials cannot be provided while the criminal case is pending because doing so may interfere with the ongoing proceeding. Once the criminal case is resolved, it is anticipated nothing will prevent release of otherwise non-privileged documents.

Nevertheless, for the present time MOA has met its obligation and an order compelling production should be denied. FRCP 26(a) requires that a party provide "a copy – or a description by category and location – of all documents, electronically stored

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 4 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 4 of 7

information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claim or defenses…" MOA has done that. The initial Disclosures identify the materials – the criminal investigation, and IA investigations - relevant to this case. Exhibit A at p. 4. However, the MOA was clear that the materials could not yet be provided and the reason that is so.

The MOA reasonably withheld the materials and the court acknowledge that MOA cannot provide the materials. (Dkt. 12) These materials cannot be disclosed because doing so may interfere with the ongoing criminal prosecutions.

Allen does not provide any justification for disclosure aside from the fact that Ofc. Pettus received materials in the criminal cases in furtherance of his constitutional rights. But Ofc. Pettus' receipt of these materials in the criminal case does not compel their immediate production in the civil case. Similarly, the fact that Ofc. Pettus disclosed any materials to his expert in the criminal case does not mean that Mr. Allen has that same right to receive the documents.

Plaintiff's suggestion that a protective order would reasonably accommodate any interests is incorrect. Mr. Allen is the victim in the criminal case and will presumably be called to testify in any criminal trial. Yet the demand for disclosure would mean that Mr. Allen would see materials of which he has no personal knowledge before he is called to testify. Furthermore, plaintiff's insistence that the materials be provided does not preclude use of the information contained in those documents in depositions and other discovery. Thus, even if the documents themselves are not shared, their contents may be

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 5 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 5 of 7

shared with others, tainting memories of other witnesses who could be called in the criminal case.

For the foregoing reasons, the court should deny the "motion for discovery" of materials related to a pending criminal prosecution. Indeed, because of the potential impact on the prosecutions and possibility that disclosure could interfere with Ofc. Pettus' constitutional rights, any request to disclose those materials should be made in the criminal courts as they are responsible for ensuring the integrity of the criminal proceeding and safeguarding the criminal defendant's constitutional rights. Counsel is aware of these concerns but, notably, does not indicate he has consulted with the prosecutors in this case and determine if they have any objections to disclosure or that he has pursued any release in the criminal cases.

C. **Plaintiff's Request to Compel disclosure of "Employment Files" and "Policies" is Premature; MOA's Deadline to Respond to the Discovery Requests Seeking Such Materials Has Not Passed.**

Plaintiff also asserts that it seeks an order to disclose "procedures and employment files which [the MOA] seeks to keep confidential" (Dkt. 17 at 2) As best MOA can discern, this relates to certain information that plaintiff has requested in discovery requests served on August 26, 2021.

As the motion to compel and the discovery requests were served on the very same day, at the time of the filing of this motion, MOA had not yet seen the discovery. And even at this time, the MOA has not had an opportunity to serve its responses to the discovery requests because the deadline for doing so is not until September 27 – three days after the filing of this opposition.

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 6 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 6 of 7

Since the time has not yet passed for providing answers to this discovery and, therefore, plaintiff has not and could not have met its obligation to meet and confer, the court should also deny the portion of the motion for discovery with respect to the "employment files" and "policies".

Respectfully submitted this 23rd day of September, 2021.

>PATRICK N. BERGT
>Municipal Attorney
>
>By: s/Pamela D. Weiss
>Municipal Attorney's Office
>P.O. Box 196650
>Anchorage, Alaska 99519-6650
>Phone: (907) 343-4545
>Fax: (907) 343-4550
>E-mail: uslit@muni.org
>Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on 09/23/21, a true and correct copy of the foregoing was served by electronic means through the ECF system.

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Partial Opposition to Motion for Protective Order & Discovery
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 7 of 7

Case 3:21-cv-00136-JMK   Document 22   Filed 09/23/21   Page 7 of 7