Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

*Attorney for Deorman Levi Stout
and Municipality of Anchorage*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SAM ALLEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CORNELIS AARON PETTUS, JR., )<br>DEORMAN LEVI STOUT, and )<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendants. )<br>) | Case No. 3:21-cv-00136 JMK |

## OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RULE OF LAW

Virtually no discovery has happened in this case and plaintiff's motion puts forth no material facts. Thus, plaintiff's motion seeks an advisory ruling. A determination that the Municipality is vicariously liable depends on development of facts through discovery and theories that have not yet been developed. As a result, this motion is premature and should be dismissed without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint asserts violation of civil rights under 42 U.S.C. §1983 (Complaint at ¶¶ 36-40) as well as state law claims (Complaint at ¶¶ 42-47) against officer Stout and Pettus. He also makes direct claims against the MOA for negligence. (Complaint at ¶¶ 52-54)

Officer Pettus has been charged in federal and state court for his actions giving rise to this lawsuit. Because of the pending charges, the MOA is limited in its ability to provide materials as they relate to the criminal case. *See* (Dkt. 11 at p 3); (Dkt. 12 at p. 3) Further, plaintiff has agreed to refrain from seeking any discovery from Pettus for a period of 180 days, pending resolution of his criminal case(s). (Dkt. 11 at p. 3); (Dkt. 12 at p. 3) As a result, there has effectively been no discovery in this case.

## LEGAL STANDARD[1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The party seeking summary judgment bears the "initial responsibility of informing the court of the basis for its motions, identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file,

---

[1] The legal standard provided relates to summary judgment. The motion also seeks a ruling of law. However, there is no rule of civil procedure that governs that type of motion.
[2] Fed. R. Civ. P. 56(c).

MOA's Opposition to Plaintiff's Motion for Partial Summary Judgment
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 2 of 6

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[3]

## DISCUSSION

I. **It is Premature to Rule on Vicarious Liability for State Law Claims.**

Plaintiff's motion is mostly aimed at obtaining a blanket ruling that "any harm proven at trial" caused by the officers falls under "respondeat superior" or "aided-in-agency" vicarious liability. (Dk. 19 at 4) The nature of this request is contrary to the notion that courts do not render advisory opinions.[4]

The Municipality acknowledges that Alaska law provides that a municipal government *may* be liable under a theory of vicarious liability for actions of an officer that constitute a tort.[5] But the mere availability of the theory does not entitle plaintiff to a ruling that in this case, as a matter of law, the MOA *is* vicariously liable.

Vicarious liability is predicated first on a finding of liability by the individual officers for their actions. Thus, before getting to the point of determining whether the MOA can be vicariously liable, plaintiff must first establish that one or both of the officers violated his constitutional rights. Moreover, if an officer is entitled to qualified immunity, MOA is entitled to derivative immunity on the state claims.[6] These

---

[3] *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).
[4] *See Dietzmann v. City of Homer*, 2012 WL 13034096 (D. Alaska Dec. 10, 2012) at *2 (citing *Maldonado v. Morales*, 556 F.3d 10376, 1044 (9th Cir. 2009) (declining to issue an advisory opinion in response to motion for ruling of law).
[5] Similarly, MOA acknowledges that the cases cited by plaintiff recognize that vicarious liability can be established utilizing restatement (2d) of Agency §219, albeit in limited circumstances. *Ayuluk v. Red Oaks* 201 P.3d 1183, 1199 (Alaska 2009) .
[6] *See Russell v. Virg-in*, 258 P.3d 795, 809 (Alaska 2011)

MOA's Opposition to Plaintiff's Motion for Partial Summary Judgment
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 3 of 6
Case 3:21-cv-00136-JMK   Document 23   Filed 09/23/21   Page 3 of 6

determinations – whether there is liability and/or qualified immunity – turn on the facts of a particular case.

The determination of vicarious liability too turns on facts because it requires a determination whether the employee's conduct was so connected to his employment to justify requiring the employer to bear the plaintiff's loss.[7] In the case of criminal conduct or intentional torts by employees, in particular, the determination of the scope-of-employment question is "flexible and fact-specific".[8]

The difficulty here is that plaintiff presents absolutely no facts in the motion to support a finding of vicarious liability at this juncture. Of course, none of this is surprising since there has been virtually no discovery. Without pointing to any facts or admissible evidence, plaintiff cannot meet his burden to obtain summary judgment and ruling of law is not appropriate at this early stage of the case.

## II. MOA Cannot be Vicariously Liable for Damages Under 42 U.S.C. § 1983.

Plaintiff brings claims under 42 U.S.C. § 1983 against Stout and Pettus for violation of Allen's civil rights. (Complaint at ¶¶ 36-40). However, the law is clear that a municipality *cannot* be responsible for damages under 42 U.S.C. § 1983 on a vicarious liability theory.[9] Accordingly, to the extent plaintiff seeks a ruling that MOA is

---

[7] *Lane v. City and Borough of Juneau*, 421 P.3d 83, 94 (Alaska 2018); *see also Parnell v. Peak Oilfield Servs.*, 174 P.3d 757, 769 (Alaska 2008) (explaining driving of an employer owned vehicle was not dispositive but that additional facts supported finding Dougherty acting within scope of employment). And application of the standard enunciated in *Ayuluk* depends on court finding that "an employee has by reason of his employment substantial power or authority to control important elements of a vulnerable tort victim's life or livelihood." 231 P.3d at 1199.
[8] *Lane* 421 P.3d at 95.
[9] *Monell v. Dept. of Soc. Servs., New York City,* 436 U.S. 658, 694-695 (1978).

MOA's Opposition to Plaintiff's Motion for Partial Summary Judgment
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 4 of 6

vicariously liable for actions found to constitute violations of federal law, there can be no vicarious liability as a matter of law.

### III. MOA Cannot Be Vicariously Liable Simply Because Stout and MOA Have the Same Counsel.

Plaintiff apparently believes that vicarious liability for the actions of Officer Stout is established because the Municipal Attorney's office has appeared on his behalf as well as the MOA. *See* Memo (Dkt. 19) at p. 3. However, he cites no authority for the proposition that simply because the MOA and the individual are represented by the same counsel that the MOA is vicariously liable. In fact, this leap in logic is not supported at all. A single attorney frequently represents both government entities and individual officers in cases, including those arising under 42 U.S.C. §1983, but there is no vicarious liability as discussed above in part I. In other words, who represents the defendant does not determine liability to a plaintiff.

## CONCLUSION

For the foregoing reasons the court should deny the motion at Dkt. 18 without prejudice. Alternatively, the court should grant an extension pursuant to Rule 56(f) to allow both parties the opportunity to conduct discovery and determine whether any disputes of fact exist with respect to the basis for liability, qualified immunity and vicarious liability.

MOA's Opposition to Plaintiff's Motion for Partial Summary Judgment
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 5 of 6

Case 3:21-cv-00136-JMK   Document 23   Filed 09/23/21   Page 5 of 6

Respectfully submitted this 23rd day of September, 2021.

          PATRICK N. BERGT
          Municipal Attorney

By:   s/Pamela D. Weiss
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on 09/23/21, a true and correct copy of the foregoing was served by electronic means through the ECF system.

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

MOA's Opposition to Plaintiff's Motion for Partial Summary Judgment
*Allen, Sam v. MOA, Pettus, Stout*; Case No. 3:21-cv-00136 JMK
Page 6 of 6

Case 3:21-cv-00136-JMK   Document 23   Filed 09/23/21   Page 6 of 6