Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>CORNELIUS AARON PETTUS, JR.,<br>DEORMAN LEVI STOUT, and<br>MUNICIPALITY OF ANCHORAGE,<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:21-cv-00136-JMK<br>) |

### REPLY TO MUNICIPALITY'S PARTIAL OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND DISCLOSURE

**1. Mr. Allen's counsel met and conferred.**

"The undersigned conferred in good faith with counsel for the defendants who objected to producing withheld material unless required to do so subject to a protective order."  See p. 1-2 of Motion for Protective Order and Disclosure (Docket 16).  MOA does not dispute the accuracy of this statement.  It cannot dispute that Mr. Allen's counsel called and attempted to change the MOA's position to no avail. Its position has not

4481/06 Reply to MOA's Partial Opp to Motion for Protective Order and Disclosure
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 1 of 5

Case 3:21-cv-00136-JMK   Document 24   Filed 09/29/21   Page 1 of 5

changed even after Mr. Allen filed the subject motion. MOA's objection about not meeting enough to confer lacks merit. MOA ignores the plaintiff's attempt to obtain the material without Court intervention, and ignores the undersigned's representation.

## 2. Mr. Allen did not waive any objection to seek the basic materials from the MOA.

The Scheduling and Planning Conference Report submitted by the parties stated: "No discovery request to Mr. Pettus for 180 days pending criminal case subject to re-evaluation at that time and ***the Municipality's position*** is that it cannot disclose documents relating to the open criminal case." See section II.C.2. on p. 3 at docket 11 [emphasis added]. Mr. Allen never waived any right to contest the MOA's position. The submission also states: "The information required by Rule 26(a)(1) . . . Will be exchanged by the parties on or before 8/25/21." See section II.B.1. on p. 2 at docket 11.

When the Municipality disclosed the materials to Mr. Pettus, allowing him to give the materials to whomever he wanted, the documents were no longer secret or potentially compromising in the criminal prosecution of Mr. Pettus. The MOA's objection to providing basic discovery material like the police report and video to Mr. Allen serves only to stymie his claims against the MOA.

## 3. The materials sought are not the type which should be kept secret; but if they are, then a protective order is adequate.

Material like a police report and video from the police cruiser are not the type of items normally kept secret from the public. The police report apparently stated that Mr.

4481/06 Reply to MOA's Partial Opp to Motion for Protective Order and Disclosure
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 2 of 5

Case 3:21-cv-00136-JMK   Document 24   Filed 09/29/21   Page 2 of 5

Allen was attacking Officer Pettus and served to be the basis for throwing Mr. Allen in jail. He should be entitled to a copy. The police cruiser video apparently contradicts the police report and served to be the basis for charging Mr. Pettus with assaulting Mr. Allen and filing a false report. This is not a Freedom of Information request from the general public. Mr. Allen was a victim and should receive this information. More importantly, we are in a federal lawsuit where the rules of discovery apply. F.R.C.P. 26 As a final measure, Mr. Allen agreed to keep the material confidential pursuant to a protective order and the MOA still objects. The MOA's position is unfair and incompatible with alternative dispute resolution.

**4. The MOA never articulated how disclosure of the materials will interfere with the criminal case.**

The MOA recites a conclusory statement that disclosure may interfere with the criminal case, but it never explains how providing basic materials like the police report and cruiser video to Mr. Allen will interfere with the criminal case. The MOA speculates that providing the cruiser video to Allen will taint his testimony, but witnesses are routinely shown items to refresh their recollection. Mr. Allen believes that he already watched some of the video during the grand jury proceeding, which would also be normal. Mr. Pettus has made excerpts of the cruiser video public in the court filing of his expert's report, so the MOA's arguments about contaminating Mr. Allen's recollection or compromising the criminal case are specious. Any reasonable objection is addressed by

4481/06 Reply to MOA's Partial Opp to Motion for Protective Order and Disclosure
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 3 of 5

Case 3:21-cv-00136-JMK   Document 24   Filed 09/29/21   Page 3 of 5

the protective order.  The MOA's claim of harms are unsubstantiated.

**5. Mr. Allen does not object to the MOA's proposed protective order.**

The differences are slight.  Mr. Allen has no preference between the protective order he submitted and the one submitted by the MOA.

**6. The MOA should provide employment files and any confidential policies relevant to the altercation subject to a reasonable protective order.**

Instead of addressing items pertinent to the protective order, like the employment files and any confidential policies, the MOA attempts to postpone the issue even though the MOA, through its municipal attorneys, routinely objects to disclosing any employment files.  As expected, the MOA made its blanket objection to providing employment files by claiming the files are confidential, notwithstanding any protective order.  See, e.g., p. 5 of MOA's Response to Plaintiff's (1st) Requests for Production (Ex. 1).  The MOA's boiler-plate response of asking the Court to review every employment file and decide what is appropriate to disclose constitutes a pattern and practice of unnecessarily dumping otherwise routine employment file discovery issues on the Court system.  The MOA's default position should not abrogate what would otherwise be litigant responsibilities.  The MOA also makes an overly broad objection that disclosing employment files may interfere with the criminal proceedings without connecting any dots about how this supposed harm would occur.

**CONCLUSION**

4481/06 Reply to MOA's Partial Opp to Motion for Protective Order and Disclosure
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 4 of 5

Case 3:21-cv-00136-JMK   Document 24   Filed 09/29/21   Page 4 of 5

For the reasons set forth above and in the plaintiff's underlying memorandum, he requests the Court to GRANT his Motion for Protective Order & Disclosure.

DATED at Anchorage, Alaska this 29th day of September, 2021.

    BARBER & ASSOCIATES, LLC
    Counsel for Plaintiff

    /s/Jeff Barber
    JEFF BARBER
    AK Bar #0111058

CERTIFICATE OF SERVICE
hereby certify that on this 29th of September, 2021,
a copy of the foregoing was served by email
to the following:

Pamela D. Weiss
pamela.weiss@anchorageak.gov
Clinton M. Campion
campion@alaskalaw.pro

/s/Angie Miller
Angie Miller

4481/06 Reply to MOA's Partial Opp to Motion for Protective Order and Disclosure
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5 of 5

Case 3:21-cv-00136-JMK   Document 24   Filed 09/29/21   Page 5 of 5