Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| CORNELIUS AARON PETTUS, JR., DEORMAN LEVI STOUT, and MUNICIPALITY OF ANCHORAGE, | ) ) ) ) |
|     Defendants, | ) Case No. 3:21-cv-00136-JMK ) |

**REPLY TO MOA AND DEORMAN'S OPPOSITION TO PARTIAL SUMMARY JUDGMENT AND RULE OF LAW REGARDING VICARIOUS LIABILITY AND AIDED-IN-AGENCY**

Mr. Allen filed his motion for partial summary judgment based on facts conceded in the Answers pursuant to F.R.C.P. 56(c):

1. "Stout admits . . . that on September 30, 2019 he accompanied Pettus to 1402 Nelchina Street, where he observed Pettus issue citations to Mr. Allen.";[1]

---

[1] See MOA and Stout's Answer at p. 1 paragraph 8.

4481/10 Reply on Motion for Partial Summary Judgment and Rule of Law Regarding Vicarious Liability and Aided-in-Agency
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5

2. "Stout admits that he observed Pettus strike Mr. Allen in the face.";[2]

3. ". . . Stout admits . . . that he was aware Pettus deployed OC spray.";[3]

4. ". . . Stout admits he observed Pettus place Mr. Allen in handcuffs.";[4]

5. ". . . Stout admits that he assisted Pettus in placing Mr. Allen in handcuffs.";[5] and

6. ". . . Stout admits . . . that his report classifies the incident as 'resist[ing] arrest. . .".[6]

Mr. Pettus made similar admissions, further admitting that Mr. Allen ". . . had his hands at his side. . ." but added that: ". . . he struck the Plaintiff in the face with his fist because he reasonably perceived Plaintiff posed an imminent threat of bodily harm."[7]

Based on the facts described above, the altercation and arrest appear to have occurred during the course and scope of the officers' employment. Mr. Allen alleged that Pettus and Stout were ". . . in the course and scope of their duties for the Municipality of Anchorage. . ." when the interaction occurred,[8] but the defendants denied that they were in the course and scope of their duties for the MOA.[9] If Officers Stout and Pettus were

---

[2] See MOA and Stout's Answer at p. 3 paragraph 11.

[3] See MOA and Stout's Answer at p. 4 paragraph 15.

[4] See MOA and Stout's Answer at p. 4 paragraph 17.

[5] See MOA and Stout's Answer at p. 5 paragraph 21.

[6] See MOA and Stout's Answer at p. 5 paragraph 23.

[7] See Pettus Answer at p. 2 at paragraphs 8-11.

[8] See Complaint at p. 5 at paragraph 34 [inadvertently numbered twice].

[9] See MOA and Stout's Answer at p. 6 paragraph 36.

4481/10 Reply on Motion for Partial Summary Judgment and Rule of Law Regarding Vicarious Liability and Aided-in-Agency
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5

not acting in the course and scope of their duties for the MOA when the altercation and arrest occurred, then the defendants are required to put forth supporting evidence in response to the Motion for Partial Summary Judgment. F.R.C.P. 56(c)(1).

Any disagreement that the MOA is vicariously liable for the actions of the officers during the course and scope of their employment is contrary to the interests of the officers. Officer Pettus did not oppose the Motion for Partial Summary Judgment and Rule of Law Regarding Vicarious Liability and Aided-in-Agency. There is no reason for Officer Stout to oppose either. However, the MOA and Stout opposed through their mutual attorney. Normally, a lawyer cannot represent two clients when the interest of one client is adverse to another client, or when the lawyer's representation of one or more clients will be materially limited by the lawyer's responsibilities to another client. Professional Conduct Rule 1.7. If the MOA disputes that it is vicariously liable for the conduct of Officer Stout done during the course and scope of his employment, then Officer Stout needed to have a different lawyer.

Mr. Allen is not merely seeking an advisory opinion as claimed by the MOA and Officer Stout. The *Maldonado* case cited by the defendants is distinguishable as it applied constitutional and prudential doctrine tests to determine ripeness for reviewing criminal provisions when a plaintiff had not actually been prosecuted criminally. *Maldonado v. Morales*, 556 F.3d 1037, 1044-45 (9th Cir. 2009). In their Opposition, although other theories were denied, the MOA and Stout conceded that the MOA is

4481/10 Reply on Motion for Partial Summary Judgment and Rule of Law Regarding Vicarious Liability and Aided-in-Agency
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5

Case 3:21-cv-00136-JMK   Document 26   Filed 10/06/21   Page 3 of 4

vicariously liable for *negligent* conduct done during the course and scope of their employment. In their Answer, the MOA denied that Stout and Pettus were in the course and scope of their employment notwithstanding the enumerated facts admitted above in their Answer. The MOA and Stout failed to set forth any affidavit or evidence contradicting the enumerated facts admitted in their Answers and refuting that Stout and Pettus were in the course and scope of their employment when the incident occurred. Therefore, the Court must find as a matter of law that the MOA is vicariously liable for negligent conduct by Stout and Pettus during the incident at issue in this case. MOA and Stout's Answer at pp. 1, 3-5 and Pettus' Answer at p. 2; F.R.C.P. 56(c).

DATED in Anchorage, Alaska this 6th day of October, 2021.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By:/s/Jeff Barber
   JEFF BARBER
   AK Bar #0111058

CERTIFICATE OF SERVICE
hereby certify that on this 6th day of October, 2021,
a copy of the foregoing was served by email
to the following:
Pamela D. Weiss
pamela.weiss@anchorageak.gov
Clinton M. Campion
campion@alaskalaw.pro

/s/Angie Miller
Angie Miller


4481/10 Reply on Motion for Partial Summary Judgment and Rule of Law Regarding
Vicarious Liability and Aided-in-Agency
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5