IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN,<br><br>                Plaintiff,<br><br>vs.<br><br>CORNELIS AARON PETTUS, JR., DEORMAN LEVI STOUT, and MUNICIPALITY OF ANCHORAGE,<br><br>                Defendants. | Case No. 3:21-cv-00136-JMK<br><br>**ORDER DENYING PLAINTIFF'S MOITON FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment, filed at Docket 18. The issue has been fully briefed.[1] For the reasons stated below, the Motion is DENIED without prejudice.

## I. BACKGROUND

Plaintiff Sam Allen alleges that Anchorage police officer Cornelius Pettus physically assaulted him while issuing a citation at his home on September 30, 2019.[2] Mr. Allen alleges that Officer Deorman Stout, who accompanied Officer Pettus to

---

[1] *See* Dockets 23, 26.
[2] Officer Pettus has been charged in federal and state court for his actions giving rise to Mr. Allen's Complaint. *See United States v. Pettus*, No. 3:20-cr-00100-SLG (D. Alaska filed Oct. 23, 2020); *Alaska v. Pettus*, No. 3AN-19-10036CR Alaska Dist. Ct. filed Oct. 11, 2019).

Mr. Allen's home, failed to intervene in the assault, assisted in the arrest, and was complicit when Officer Pettus filed a false report about the incident. Mr. Allen's Complaint alleges numerous torts against the Officers, including assault, battery, false imprisonment, unlawful arrest, and intentional infliction of emotional distress.³ In addition to various state law claims, Mr. Allen asserts that the Officers violated his civil rights under 42 U.S.C. § 1983.

Mr. Allen claims that, as the Officers' employer, the Municipality of Anchorage ("the Municipality") is liable for their actions "under theories of vicarious liability and/or agency and/or respondeat superior and/or aided-in-agency."⁴ Further, Mr. Allen alleges that the Municipality is directly liable for negligently "failing to reasonably hire and/or train and/or supervise and/or retain" Officers Pettus and Stout.⁵

Plaintiff filed the present Motion seeking a ruling that the alleged harm caused to Mr. Allen by Officers Stout and Pettus "fall[s] under the category of circumstances where the Municipality of Anchorage is vicariously liable for the officers' conduct under the doctrines of both *respondeat superior* and aided-in-agency."⁶ The Motion does not ask for a ruling on the Officers' liability; rather, it asks the Court to find that "any harm proven at trial to be caused by the alleged conduct of the Officers" would

---

³ Docket 1-2.
⁴ *Id.* at 6–7.
⁵ *Id.* at 7.
⁶ Docket 18-1.

cause the Municipality to be liable.[7]  Defendants Stout and the Municipality oppose the Motion as requesting an advisory opinion from the Court.[8]

## II. LEGAL STANDARD

The Court will grant summary judgment where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[9]  The moving party has the burden of showing that there is no genuine dispute as to any material fact by citing to particular parts of materials in the record.[10]

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the Motion, deny it, allow time for discovery, or issue any other appropriate order.

## III. DISCUSSION

Plaintiff's request is premature, and thus seeks an improper advisory opinion from the Court.  "The oldest and most consistent threat in the federal law of justiciability is that federal courts will not give advisory opinions."[11]  A federal court's judgments "must resolve a real and substantial controversy admitting of specific relief through a decree of a

---

[7] Docket 19 at 4.
[8] Docket 23 at 3.  Officer Pettus did not file an Opposition to the Motion.
[9] Fed. R. Civ. P. 56(a); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010).
[10] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[11] 14AA Charles Alan Wright, *et al.,* FEDERAL PRACTICE AND PROCEDURE § 3529.1 (4th ed. 2021); *see also Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) (the role of the courts is not to issue advisory opinions).

*Allen v. Pettus, et al.* Case No. 3:21-cv-00136-JMK
Order Denying Motion for Partial Summary Judgment Page 3
Case 3:21-cv-00136-JMK   Document 27   Filed 11/08/21   Page 3 of 7

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[12]

The prohibition on advisory opinions precludes the Court from ruling on issues that are not yet ripe. Ripeness ultimately is a "question of timing," designed to prevent courts from resolving problems prematurely.[13] A claim is unripe when it is anchored in "contingent future events that may not occur as anticipated, or indeed may not occur at all."[14]

Here, the requested relief is purely hypothetical. Plaintiffs ask the Court to hold that *if* the jury finds the Officers liable, the Municipality also would be liable. To decide that issue, the Court would have to assume a series of contingent, future events: first, that one or both Officers are liable; second, that neither Officer is entitled to qualified immunity; and, third, that the Municipality is not entitled to derivative immunity.[15] Any judgment would be speculative because Plaintiffs may or may not prevail on these issues.[16]

The hypothetical nature of Plaintiff's request is further revealed by his argument. Plaintiff contends that if the Officers were negligent, then their actions were done in the scope of their employment and the Municipality is liability under a theory of *respondeat superior*.[17] But, if the harm was intentional and the Officers were not in the

---

[12] *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).
[13] *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985)).
[14] *Id.*
[15] See *Russell v. Virg-in*, 258 P.3d 795, 803, 810 (Alaska 2011).
[16] See *Aydin Corp. v. Union of India*, 940 F.2d 527, 529 (9th Cir. 1991).
[17] Docket 19 at 3.

*Allen v. Pettus, et al.* Case No. 3:21-cv-00136-JMK
Order Denying Motion for Partial Summary Judgment Page 4
Case 3:21-cv-00136-JMK Document 27 Filed 11/08/21 Page 4 of 7

scope of their employment, the Municipality is liable under a theory of aided-in-agency.[18] Not only would the Court have to assume the Officers' liability, it also must assume the contours of that liability and outline the various results.

While both theories of vicarious liability no doubt are available to Plaintiff, it is not the Court's role to foreshadow whether those theories will be successful.[19] Plaintiff cites to *Ayuluk v. Red Oaks Assisted Living* to prove that the Municipality would be liable under an aided-in-agency theory.[20] As Plaintiff correctly states, *Ayuluk* recognizes that vicarious liability may be established "where an employee has by reason of his employment substantial power or authority to control important elements of a vulnerable tort victim's life or livelihood."[21] However, *Ayuluk* dealt with jury instructions that incorrectly excluded the aided-in-agency theory; it does not stand for the proposition that the court may decide whether an employer is vicariously liable under aided-in-agency *before* determining the employee's liability.[22]

Courts consistently have declined to issue orders that are predicated on future judgments, even if the factual record is fully developed. In *Aydin Corp. v. Union of India*, a party sought a ruling that any arbitration award from a pending proceeding in India would be unenforceable against it in the United States.[23] The Ninth Circuit held that the claim was not ripe, explaining that the question of enforceability for a judgment that had yet to

---

[18] *Id.* at 4.
[19] *See Aydin*, 940 F.2d at 529 ("[I]t is not the function of the federal courts to crystallize the litigation strategies of parties").
[20] 201 P.3d 1183 (Alaska 2009).
[21] *Id.* at 1199.
[22] *Id.*
[23] 940 F.2d 527 (9th Cir. 1991).

*Allen v. Pettus, et al.* Case No. 3:21-cv-00136-JMK
Order Denying Motion for Partial Summary Judgment Page 5
Case 3:21-cv-00136-JMK   Document 27   Filed 11/08/21   Page 5 of 7

be awarded was not "of sufficient immediacy and reality."[24] Similarly, claims for indemnification generally are held to be unripe until the underlying claim for liability is determined.[25] For example, a claim against a municipality that sought indemnification for the alleged torts of its employees was not ripe because the underlying tort claims had not been adjudicated.[26] Here, even if the Court *could* determine whether the Officers were acting in the scope of their employment, that is not an immediate or tangible question until the Officers' liability is properly decided.

Plaintiffs notes that it is "unlikely that the parties will be able to engage in any meaningful alternative dispute resolution without a ruling on this issue."[27] The Court recognizes that an opinion on this issue may help further settlement negotiations. But regardless of how useful a judgment may be, the United States Constitution confines the power of federal courts to issue advisory opinions and prematurely rule on an issue.[28]

---

[24] *Id.* at 529; *see also Streich*, 560 F.3d at 932 (claim arising from a hypothetical civil commitment cannot be ripe); *Dietzman, et al. v. City of Homer, et al.*, No. 09-00019 RJB, 2012 WL 13034096, at *2–3 (D. Alaska Dec. 10, 2012) (whether Defendants would be entitled to a set-off against any award that the jury might make was not ripe because the award may or may not occur); *Graham v. Hartford Life And Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007) (court cannot apply test for attorney's fees under ERISA before underlying claim is determined).

[25] *See,* e.g.*, St. Paul Fire & Marine Ins. Co. v. Nonprofits Untied*, 91 F. App'x 537, 538 (9th Cir. 2004); *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019); *Safety Nat'l Cas. Corp. v. Am. Special Risk Ins. Co.,* 99 F. App'x 41, 43 (6th Cir. 2004); *Armstrong v. Ala. Power Co.,* 667 F.2d 1385, 1388–89 (11th Cir. 1982); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 932 (4th Cir. 1977)*; see generally* 14AA Charles Alan Wright, *et al.,* FEDERAL PRACTICE AND PROCEDURE § 3532.

[26] *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019).

[27] Docket 19 at 5.

[28] *See Aydin*, 940 F.2d at 529; *Steadfast Ins. Co. v. Essex Portfolio LP*, No. 21-CV-02756-JSC, 2021 WL 4622816, at *1 (N.D. Cal. Oct. 7, 2021) (usefulness of a judgment does not confer ripeness).

Because it would be inappropriate for the Court to issue a ruling as to whether the Municipality is liable, it is not necessary to determine whether the factual record is sufficient to support any determinations regarding other arguments presented in Plaintiff's Motion and Defendant's Opposition.

### IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Partial Summary Judgment is DENIED without prejudice.

IT IS SO ORDERED this 8th day of November, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Allen v. Pettus, et al.* Case No. 3:21-cv-00136-JMK
Order Denying Motion for Partial Summary Judgment Page 7
Case 3:21-cv-00136-JMK   Document 27   Filed 11/08/21   Page 7 of 7