Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>CORNELIUS AARON PETTUS, JR., )<br>DEORMAN LEVI STOUT, and )<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>  Defendants, )<br>) | Case No. 3:21-cv-00136-JMK |

### PLAINTIFF'S REPLY TO PETTUS' PARTIAL NON-OPPOSITION TO MOTION TO COMPEL DISCOVERY

When moving for a protective order, a party is required to make a "good cause" showing under Rule 26(c) of the need for protection of the information. The party must allege specific prejudice or harm. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking

4481/15 Plaintiff's Reply to Pettus' Partial Opposition to Motion to Compel Discovery
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 2

Case 3:21-cv-00136-JMK   Document 38   Filed 03/01/23   Page 1 of 3

closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Mr. Pettus failed to substantiate harm which warrants a protective order.

In response to the motion to compel, Mr. Pettus discloses that he has voluminous records in addition to video and statements he previously identified. Mr. Allen is entitled to all of the relevant material which Mr. Pettus is withholding. There is no requirement for Mr. Allen to issue subpoenas to third parties in order to obtain the same material already in Mr. Pettus' possession:

> . . . a party must, without awaiting a discovery request, provide to the other parties:
> . . .
>    (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

F.R.C.P. 26(a)(1)(A)(ii).

Mr. Pettus has had months to prepare his disclosure. He failed to articulate harm in disclosing the material, so his request for protective order must be denied. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986).

Mr. Pettus already provided relevant material which he withholds to his own retained expert, and he already obtained a report which is referenced in the federal criminal case. Delaying disclosure allows him an advantage in the case against Mr. Allen. At least one news outlet already reported on prior incidents where Mr. Pettus used

4481/15 Plaintiff's Reply to Pettus' Partial Opposition to Motion to Compel Discovery
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 3

Case 3:21-cv-00136-JMK   Document 38   Filed 03/01/23   Page 2 of 3

questionable force on other potential suspects, as this material was part of Mr. Pettus' motion to exclude.[1] Mr. Pettus has made disclosures when it has benefitted his own cases, but continues to withhold material to the detriment of Mr. Allen.

**CONCLUSION**

Mr. Allen requests that the court order Mr. Pettus to promptly provide all relevant material which he is withholding. His request for a protective order lacks merit.

DATED in Anchorage, Alaska this 1st day of March, 2023.

                        BARBER & ASSOCIATES, LLC
                        Attorneys for Plaintiff

                        By:/s/Jeff Barber
                           JEFF BARBER
                           AK Bar #0111058

CERTIFICATE OF SERVICE
hereby certify that on this 1st day of March, 2023,
a copy of the foregoing was served by email
to the following:

Clinton M. Campion
campion@alaskalaw.pro

/s/Angie Miller
Angie Miller

---

[1] https://www.alaskasnewssource.com/2021/07/16/federal-prosecutors-plan-show-jury-evidence-prior-excessive-use-force-incidents-apd-officers-trial/

4481/15 Plaintiff's Reply to Pettus' Partial Opposition to Motion to Compel Discovery
Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 4