IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CORNELIUS AARON PETTUS, JR., ) <br> DEORMAN LEVI STOUT, and ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:21-cv-00136-JMK <br><br> **STIPULATED** <br> **PROTECTIVE ORDER** |

Upon information and belief, the discovery in USA v Pettus, 3:20-cr-00100-SLG-MMS and State v Pettus, 3AN-19-10036 CR, hereinafter "USA and State v Pettus Discovery," contain confidential and/or law enforcement sensitive information that must be protected from unwarranted disclosure, including material protected by Fed. R. Crim. P. 6. The USA and State v Pettus Discovery are also believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act, 5 U.S.C. § 552a, and information contained within the USA and State v. Pettus Discovery may likewise be exempt from the mandatory disclosure provisions of the Freedom of Information Act. Therefore, pursuant to Fed. R. Civ. P. 26(c), and in order to permit the production of the unredacted version of the USA and State v. Pettus

Discovery for use in this action, if authorized as specified below, it is hereby ORDERED as follows:

1. "Protected Material" for purposes of this Order is defined as any record, document, communication, electronic media, material, and/or information initially prepared or obtained by the FBI and currently maintained within the official custody and control of the FBI and produced in USA v Pettus, 3:20-cr-00100-SLG-MMS including materials prepared and obtained by the Anchorage Police Department in State v. Pettus, 3AN-19-10036 CR.

2. Protected Material, and any and all information contained therein, shall be used only for purposes of litigating the instant lawsuit (including for use in depositions, trial, or other court proceedings), and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order, except as set forth in Paragraphs 4 through 7 below. Counsel for the parties shall not use or disclose and shall take all reasonable steps to prevent the use or disclosure of, such material or information to any other person, or for any other reason.

3. Protected Material subject to this Order shall not be further reproduced except in connection with its use in this litigation. Any reproductions of Protected Material subject to this Order shall also be subject to the terms of this Order.

4. Protected Material, and the information contained therein, will be held in strict confidence. Right of access to and use of such Protected Material (in accordance with this Order) shall be limited to the following "Qualified Recipients":

Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 2
Case 3:21-cv-00136-JMK   Document 47   Filed 05/10/23   Page 2 of 9

a) The parties in the above-referenced litigation (including, as the case may be, any person(s) subsequently added as a party), the parties' attorneys, and persons regularly employed by those attorneys;

b) The Court (including, as the case may be, appellate courts) and the Court's personnel, including court reporters;

c) Witnesses and other third parties whose testimonies are taken in this action by deposition or otherwise, with a need to know but only to the extent necessary to elicit testimony concerning protected material; and

d) Consultants and expert witnesses retained by any party with a need to know, only if necessary, in connection with an expert opinion or testimony.

5. Qualified Recipients shall use Protected Material only for purposes of this litigation and shall not disclose Protected Information except as provided in paragraph 4. Before receiving any Protected Information, Qualified Recipients, except those identified in paragraph 4(b) above, shall be informed that it is confidential and subject to a nondisclosure order by this Court, and shall execute a copy of the Agreement to Be Bound to Protective Order in the form attached hereto (the "Agreement Form"), acknowledging they are bound by the restrictions in this Order. Counsel for the parties shall maintain executed Agreement Forms for themselves and each other Qualified Recipient with whom they share Protected Material. Counsel shall share such executed Agreement Forms with counsel for the United States or any other party upon request.

Counsel for the parties shall take reasonable steps to ensure that all Qualified Recipients with whom they share Protected Material comply with this Order.

6. Should any party wish to disclose Protected Material to any person other than those indicated in Paragraph 4, or for any purpose other than in connection with the above-referenced litigation, the party shall, consistent with the FBI's Touhy Regulations, 28 C.F.R. §§ 16.21-16.29, submit a proper request in writing to the FBI.

7. In the event that any Protected Material is submitted, used, or referred to in any documents, pleadings, motions, evidence, arguments, testimony, depositions, hearings, and/or trials presented to or before the Court, the parties shall take appropriate steps to maintain the confidentiality of the Protected Material to the greatest extent possible (including, as the case may be, by marking the information or documents as "Confidential - Subject to Protective Order" and filing the Protected Material "under seal" in accordance with the requirements and procedures set forth in this Court's Local Civil Rules).

8. The designation or non-designation of any material as Protected Material shall not constitute a waiver of the United States' or any party's assertion that the material is either covered or not covered by this Order.

9. Nothing in this Order affects the rights of counsel to discuss relevant information contained in the Protected Material with their clients.

10. Should any party wish to modify the terms of this protective order, counsel for that party should confer with counsel for the government and with counsel for all other parties to this action before submitting any motion to the court.

IT IS SO ORDERED this 10th day of May, 2023, at Anchorage, Alaska.

                                                     */s/ Joshua M. Kindred*
                                                     JOSHUA M. KINDRED
                                            UNITED STATES DISTRICT JUDGE

Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 5
Case 3:21-cv-00136-JMK   Document 47   Filed 05/10/23   Page 5 of 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAM ALLEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELIUS AARON PETTUS, JR.,<br>DEORMAN LEVI STOUT, and<br>MUNICIPALITY OF ANCHORAGE,<br><br>    Defendants. | Case No. 3:21-cv-00136-JMK<br><br>**AGREEMENT TO BE BOUND TO PROTECTIVE ORDER (FOR QUALIFIED RECIPIENTS OTHER THAN LITIGATION COUNSEL)** |

I, _____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action on _____, 2023. Under the terms of the Order, I hereby agree to be bound by all of the terms of the Order, including the following specific provisions:

    1.    I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

    2.    I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 6
Case 3:21-cv-00136-JMK   Document 47   Filed 05/10/23   Page 6 of 9

3. I agree that I will not disclose any information subject to this Order to any person other than: a person listed in paragraph 4 of the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and information;

5. I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

Date:_____

_____
(Signature)

_____
(Print Name)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SAM ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00136-JMK |
| | ) | |
| vs. | ) | |
| | ) | **AGREEMENT TO BE** |
| CORNELIUS AARON PETTUS, JR., | ) | **BOUND TO PROTECTIVE** |
| DEORMAN LEVI STOUT, and | ) | **ORDER (FOR LITIGATION** |
| MUNICIPALITY OF ANCHORAGE, | ) | **COUNSEL)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

I,_____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action on _____, 2023. Under the terms of the Order, I hereby agree to be bound by all of the terms of the Order, including the following specific provisions:

1. I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

2. I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

3. I agree that I will not disclose any information subject to this Order to any person other than: a person listed in paragraph 4 of the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

Allen v MOA, Pettus, Jr. and Stout; Case No. 3:21-cv-00136-JMK
Page 8
Case 3:21-cv-00136-JMK   Document 47   Filed 05/10/23   Page 8 of 9

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and information;

5. I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

Date:_____

_____
(Signature)

_____
(Print Name)